## McREYNOLDS v. CITY OF TULSA.

No. 19137. Opinion Filed June 11, 1929.

Rehearing Denied July 16, 1929.

Harry Seaton, for plaintiff in error.

M. C. Spradling and Langley & Langley for defendant in error.

HERR, C. In this case the city of Tulsr condemned certain lands in Mayes county, Okla., for reservoir purposes. The land condemned · consisted of the entire village of Spavinaw, together with the West addition thereto, and other lands. Plaintiff in error, R. P. McReynolds, was the owner of lot 1, in block 5, of the West addition to said village, and a portion of this lot is the only tract here involved.

The proceedings were had in the district court of Mayes county, and upon first hearing only a portion of the land attempted to be taken by the city of Tulsa was condemned, in which order there was included a part of plaintiff in error's lot here involved. The city sought to condemn this entire lot, a portion of which, as well as other tracts sought to be condemned by the city, was excluded by the court in its order of condemnation. The city prosecuted an appeal to this court from this judgment, which resulted in a reversal thereof in so far as condemnation of these tracts was denied.

Thereafter, and on September 29, 1924, the trial court entered its order condemning the uncondemned portion of the lot here in question, together with other lands. Shortly thereafter this part of the lot was duly appraised and damages fixed at $150.

Plaintiff in error, thereafter, filed his appeal from the award and also filed a written demand for a jury trial. In response to this demand the city of Tulsa filed its motion asking that plaintiff in error be required to plead, which motion was by the court sustained, and pleadings were accordingly filed. The cause was thereafter, from time to time, continued by agreement of the parties.

On April 20, 1927, the city of Tulsa filed its motion to dismiss plaintiff in error's appeal and demand for a jury trial and to strike said cause from the docket, alleging in its motion that a settlement had been made as to the tract here involved. This motion was heard and sustained by the court on the 27th day of July, 1927, and a judgment rendered striking said cause from the docket. Plaintiff in error brings the case here for review.

It is assigned as error that the finding and judgment of the trial court that a settlement had been made between the parties as to the tract here involved is not supported by the evidence. In our opinion, this assignment is well taken.

It appears that plaintiff in error, W. M. Fleetwood, and the Spavinaw Hills Development Company, a corporation, jointly owned some of the tracts which the city was seeking to condemn; but it is undisputed that plaintiff in error is the sole owner of the tract here in question.

It further appears that on the 19th day of September, 1924, Fleetwood and the city entered into a written contract for a settlement of the controversy between the parties thereto whereby it was agreed that for the sum of $5,500, and other consideration to be paid by the city of Tulsa, the proceedings on appeal from the award of the commissioners should be dismissed as to all tracts therein mentioned. The identical tract here involved was specifically set out and described in said contract. The contract was signed by W. M. Fleetwood and A. S. Rudd,

chairman of the water commission of the city of Tulsa. Plaintiff in error did not sign the contract, nor was he a party thereto. The city, thereafter, paid to Mr. Fleetwood the sum mentioned in the contract and, now claims that this settlement included the tract here involved and owned by plaintiff in error.

It is testified to by the water commissioners and attorneys representing them that it was their understanding that the settlement included and was to apply to the tract here involved, and that they would not have made settlement and paid the money had they not so understood.

Plaintiff in error testified that Fleetwood had no authority to represent him in making the settlement; that he, at no time, agreed to a settlement with the city as to his rights, nor did he authorize anyone to represent him in making such settlement.

Mr. Fleetwood, who personally conducted the negotiations leading up to the settlement, also testified that he was not authorized to act for plaintiff in error and that he had no authority to include his lot in the contract of settlement; that he had possession of deeds covering the tracts intended to be included in the contract of settlement, which deeds he exhibited to the representatives of the city at the time of making the settlement, and that the tracts intended to be covered by the settlement were supposed to be taken from these deeds; and further testified that in neither of these deeds was the tract of plaintiff in error included. This witness further testified that this tract was inserted in the contract through error and inadvertence of the draftsman thereof, and that he did not intend to include the same therein.

The evidence is undisputed that no part of the proceeds arising from this settlement went to plaintiff in error in settlement of his claim. There is some evidence to the effect that plaintiff in error attended several conferences during the progress of negotiations leading up to the settlement, but his testimony is that he was only interested in said settlement as a stockholder of the Spavinaw Hills Development Company and only appeared at the conferences as a representative of said company. It is also established by the evidence that this particular tract was never mentioned or discussed in any of these conferences.

In these circumstances, plaintiff in error can in no wise be held bound by this contract.

This contract of settlement, as before stated, was executed September 19, 1924, and, in accordance therewith, an order of dismissal as to plaintiff in error and this particular tract was entered September 23, 1924. On September 29th, however, the cause was reinstated as to the tract of plaintiff in error, and the order of reinstatement specifically recites that the case as to said tract was dismissed through error and misapprehension of a proposed settlement agreement. The order of reinstatement was made at the request of counsel who, at that time, represented the city of Tulsa. After said cause was reinstated, proceedings were regularly had condemning this tract, and all these proceedings were had and conducted subsequent to the execution of the contract.

Notwithstanding these proceedings and notwithstanding the contract was executed September 19, 1924, no contention was made by the city of Tulsa that plaintiff in error had settled his claim until April 20, 1927, at which time the city's motion to dismiss was filed.

Plaintiff in error testified that the order of dismissal of September 23, 1924, in so far as the same affected his rights, was inadvertently entered, and further testified, when it was called to his attention that the stipulation for dismissal included his claim, he protested to counsel representing the city and that counsel assured him that the tract claimed by him would not be included in the order of dismissal.

Mr. Langley. one of the attorneys representing the city, testified that the reinstatement order of September 29, 1924, was made at his request because the order of dismissal was entered through error and because it was necessary to condemn the land in order to obtain title.

From examination of the record, we are convinced that no settlement was made between the city and plaintiff in error as to the tract here involved; that is, that portion of lot 1, in block 5 of West addition to the village of Spavinaw not condemned in the first proceeding.

Judgment should be reversed. and the cause remanded, with direction to reinstate plaintiff in error's appeal and demand for a jury trial and for further proceedings not inconsistent with the views herein expressed.

BENNETT, TEEHEE, JEFFREY. and DIFFENDAFFER. Commissioners, concur.

By the court: It is so ordered.

Note.—See "Eminent Domain," 20 C. J. §488, p. 1119. n. 18.